J-S41017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HIRAM ROSADO CINTRON | : | |
| | : | |
| Appellant | : | No. 110 MDA 2020 |

Appeal from the PCRA Order Entered December 20, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005451-2016

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 23, 2020**

Hiram Rosado-Cintron appeals from the denial of his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Rosado-Cintron failed to preserve his appellate issues below. We therefore affirm.

In April 2018, Rosado-Cintron entered a negotiated plea of *nolo contendere* to numerous sex crimes: Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Statutory Sexual Assault, Indecent Assault Person Less Than 13 Years of Age, Indecent Exposure, Unlawful Contact with Minor, and Corruption of Minors.[1] The trial court sentenced him in June 2018 pursuant to the negotiated plea agreement to four to eight years' incarceration

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3122.1(b), 3126(a)(7), 3127(a), 6318(a)(1), and 6301(a)(1)(ii), respectively.

and five years of state supervision. Rosado-Cintron did not file a post-sentence motion or direct appeal.

In July 2019, Rosado-Cintron filed a timely *pro se* PCRA petition, raising claims of unlawful inducement into pleading guilty, ineffective assistance of counsel, and suppression of evidence by the Commonwealth. He claimed he was innocent and coerced into pleading guilty. The PCRA court appointed counsel, who filed a **Turner/Finley**[2] letter and a Petition to Withdraw. Counsel's **Turner/Finley** brief stated that a claim Rosado-Cintron wished to raise was ineffective assistance of counsel because trial counsel did not explain the *nolo contendere* plea or its impact. The PCRA court granted the Petition to Withdraw as counsel and issued notice of its intent to dismiss Rosado-Cintron's petition without a hearing. **See** Pa.R.Crim.P. 907. Rosado-Cintron responded to the notice by filing an objection, raising, among other things, the validity of the plea due to ineffective assistance of counsel, noting a language barrier. The PCRA court dismissed Rosado-Cintron's petition. This timely appeal followed.

Rosado-Cintron raises the following issues on appeal:

> a. Did Plea Counsel's actions constitute *per se* ineffectiveness, pursuant to **U.S. v. Cronic**, 466 U.S. 648 (1984) when Mr. Rosado-Cintron requested that counsel file a reconsideration of sentence or direct appeal, Counsel assured said action would be completed, yet said reconsideration was never filed?

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley,** 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

b. Did Plea Counsel's *per se* ineffectiveness constitute an invalid Plea Colloquy when Rosado-Cintron was incapable of making such a plea knowing, intelligent, and voluntary when Counsel's instructions and lack of a translator violated Mr. Rosado-Cintron's right to adequate Counsel guaranteed to him by both Article 1 § 9 of the Pennsylvania Constitution and the Sixth Amendment of the United States Constitution?

Rosado-Cintron's Br. at 4.

In his first issue, Rosado-Cintron claims his counsel was ineffective for failing to file a motion to reconsider the sentence and a direct appeal. Rosado-Cintron claims that there was ineffective assistance of counsel because if he "had been afforded the opportunity to file an appeal, the sentence could have been modified, and the outcome of the matter dramatically changed." Rosado-Cintron's Br. at 8-9.

Rosado-Cintron did not raise this issue in his PCRA petition and it is therefore waived. "[A] claim not raised in a PCRA petition cannot be raised for the first time on appeal." **Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004). This is because "[p]ermitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA." **Id.** (quoting **Commonwealth v. Bond**, 819 A.2d 33, 52 (Pa. 2002)). Because Rosado-Cintron did not raise this claim before the PCRA court, we cannot review it.

In his second issue, Rosado-Cintron challenges the validity of his plea, claiming he was unable to enter a knowing, intelligent, and voluntary plea because counsel did not provide proper instruction and he lacked a translator. Rosado-Cintron's Br. at 4. Rosado-Cintron claims that "there [was] a viable

'language barrier'" and he "was incapable of understanding the charges against him." *Id.* at 12-13. He claims the "colloquy was invalid from the start since it is well understood that an individual cannot enter into a plea of guilty without understanding implications of said plea bargain." *Id.* at 12-13. Rosado-Cintron states that counsel's instructions and lack of a translator caused him to enter a plea unknowingly. *Id.* at 4.

Rosado-Cintron also waived this issue by not raising it in his PCRA petition. His PCRA petition claimed his plea was unlawfully induced in three ways: (1) the victim's grandmother, Rosado-Cintron's ex-wife, fabricated the case and threatened to kill him; (2) his attorney was ineffective for not challenging allegedly false evidence, presenting character witnesses or evidence of his peaceful character, or explaining the plea or its impact; and (3) the Commonwealth suppressed a tape that contained exculpatory evidence. None of those reasons claimed Rosado-Cintron needed a translator and did not have one during the plea proceedings. Rosado-Cintron failed to preserve his appellate claims below, and we therefore affirm the order denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2020